IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 4 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| LISA POWELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:13-CV-777-A |
| § | |
| WELLS FARGO HOME MORTGAGE, INC. § | |
| NOW KNOWN AS WELLS FARGO BANK, § | |
| NATIONAL ASSOCIATION, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Lisa Powell, initiated this action by filing her original petition in the County Court at Law Number 1 in Tarrant County, Texas, naming as defendant Wells Fargo Home Mortgage, Inc., now known as Wells Fargo Bank, National Association. Defendant removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of

citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332(a).

The allegations in the state court pleadings pertain to plaintiff's property on Paintbrush Drive in Fort Worth, Tarrant County, Texas. Plaintiff claims that on November 29, 2007, she executed a note and deed of trust with defendant to secure the purchase of her property. However, in 2013 she became unemployed and immediately began to seek a loan modification and other assistance with her mortgage from defendant. Plaintiff soon found another job and began making partial payments to show her good-faith effort to keep up with her payments, while defendant continued to tell her that her modification request was under review. However, on July 10, 2013, plaintiff learned that defendant had sold her home at a foreclosure sale on July 2, 2013, without affording her any notice of the pending sale.

Plaintiff asserted claims against defendant for violations of the Texas Property Code, wrongful foreclosure, negligence, and sought a declaration that the foreclosure was wrongful and of no force or effect.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the

4

authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, defendant argues that in an action for declaratory relief, the amount in controversy is the "value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 4 (citation omitted). Defendant contends that because plaintiff seeks declaratory relief with respect to her property, the amount in controversy is the fair market value of the property. The property sold at foreclosure for $290,391.58; thus, in defendant's view, this amount satisfies the jurisdictional minimum amount in controversy.

The fact that plaintiff's property sold at foreclosure for an amount in excess of $75,000.00 does not establish the amount in controversy. Nowhere does plaintiff in her state court petition indicate that the fair market value of the property represents the amount in damages she is requesting. Further, a review of plaintiff's pleadings makes clear that nothing therein

gives rise to a claim to outright title to the property. Rather, plaintiff is alleging that the foreclosure was wrongful due to defendant's failure to follow statutorily required procedures, and she seeks a declaration to that effect. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, nor is there any basis in the petition by which defendant can establish that the amount in controversy exceeds the jurisdictional minimum.

To sum up, no information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby,

remanded to the state court from which it was removed.

SIGNED October 4, 2013.

_____
JOHN McBRYDE
United States District Judge